## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between: Cobble Hill Health Center, Inc. ("Cobble Hill") and Jose Ceballos ("Ceballos").

## WITNESSETH:

**WHEREAS,** Ceballos was employed by Cobble Hill; and

**WHEREAS,** Ceballos' separation from employment with Cobble Hill was effective October 31, 2011; and

**WHEREAS,** Ceballos has consulted with an attorney prior to executing this Agreement, and has had an adequate opportunity within which to consider the Agreement; and

**WHEREAS,** the parties wish to settle and resolve all matters and potential disputes arising out of Ceballos' employment with Cobble Hill in a manner that will obviate the need for litigation and that will preclude the bringing of any claim, cause, proceeding or action of any kind against Cobble Hill;

**NOW, THEREFORE,** in consideration of the mutual covenants contained in this Agreement and for this good and valuable consideration, the receipt and sufficiency of which are acknowledged, it is agreed, by and between the parties, as follows:

1. *Recitals*.   The Recitals set forth above are incorporated by reference and are made an integral part of this Agreement.

2. *General Release*.   Ceballos irrevocably and unconditionally releases and forever discharges all claims described below:

    (a)   Subject to the provisions contained in this Agreement, Ceballos voluntarily agrees to release Cobble Hill and its ownership, partners, affiliates, heirs, assigns,

associated entities, subsidiaries, parents, plans, and the directors, officers, employees, trustees, administrators and all persons acting by, through, under or in concert with any of them from all known and unknown claims, promises, causes of action, or similar rights of any type that Ceballos presently may have against Cobble Hill. These include, but are not limited to, claims that in any way relate to: (i) Ceballos' employment with Cobble Hill and/or the separation therefrom, such as claims for compensation, bonuses, car or other expense allowances, commissions, overtime, insurance, reimbursement, accrued vacation, sick or personal pay, reinstatement or any kind of state or federal statutory, constitutional or common law claims; and (ii) any rights Ceballos may have to severance or similar benefits or to medical, dental, life, disability, long-term disability insurance, and any other employment benefits, except as expressly provided in paragraph 3 below.

(b) Ceballos further understands that the claims he is releasing may arise under differing laws, including, but not limited to the following:

*Antidiscrimination statutes*, such as the Age Discrimination in Employment Act and Executive Order 11141, 29 U.S.C. §§ 623 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Equal Pay Act of 1963, 29 U.S.C. §§ 201 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.* ("ADA") as amended by the Americans with Disabilities Act Amendments Act of 2008; Sections 503 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.*; New York Human Rights Law; the New York Executive Law §§ 290 *et seq.*; the New York Labor Law; the New York Minimum Wage Law; the New York Workers' Compensation Statute; *et seq.*, and any other federal, state, and local laws prohibiting employment discrimination.

Federal and State employment statutes, such as the Worker Adjustment and Retraining Notification Act, 19 U.S.C. §§ 2101 *et seq.* ("WARN"); the Immigration and Nationality Act, 8 U.S.C. §§ 1101-1537; the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301-4333 ("USERRA"); the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"); Consolidated Omnibus Budget Reconciliation Act ("COBRA"); the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"); any other federal, state, or local laws relating to employment.

*Other laws*, such as federal, state, and local laws restricting an employer's right to terminate employees, or otherwise regulating employment; any federal, state, or local law enforcing express or implied employment contracts or requiring an employer to deal with employees fairly or in good faith; any other federal, state, or local laws providing recourse for alleged wrongful discharge, physical or personal injury, emotional distress, fraud, negligent misrepresentation, defamation, and similar or related claims.

(c) Ceballos acknowledges, agrees and stipulates that he will voluntarily dismiss with prejudice the Complaint he filed with the United States District Court—Eastern District of New York, titled <u>Ceballos v. Cobble Hill Health Center</u>, LLC, civil case number 12-cv-2156.

3.  *Consideration*.  Ceballos acknowledges and understands that, in consideration for executing this agreement, and in full, complete and final settlement of all claims referred to in this Agreement, in lieu of other payments or benefits, Cobble Hill will pay Ceballos:

(a) Eleven Thousand Five Hundred Dollars ($11,500.00) by check made payable to Mr. Jose Ceballos.  The payment shall be forwarded, together with an executed copy of this

settlement agreement, to the attention of Francisco Castillo, Esq., Ulloa & Castillo, 305 Broadway, Suite 1400, New York, New York 10007, within ten (10) days of Cobble Hill's receipt of a copy of this Agreement executed by Ceballos and request for Voluntary Dismissal. Ceballos must forward the executed Agreement and Voluntary Dismissal of the Complaint to the attention of Kim V. Mercado-Washington, Esq. Peckar & Abramson, 70 Grand Avenue, River Edge, New Jersey 07661 within the time indicated in the Agreement.

(b)     Three Thousand Dollars ($3,000) by check made payable to Ulloa & Castillo, representing Ceballos' attorneys' fees in connection with this matter. The payment shall be forwarded to the attention of Francisco Castillo, Esq. Ulloa & Castillo, 305 Broadway, Suite1400, New York, New York, 10007, within ten (10) days of Cobble Hill's receipt of a copy of the this Agreement executed by Ceballos and request for Voluntary Dismissal. Ceballos must forward the executed Agreement and Voluntary Dismissal of the Complaint to the attention of Kim V. Mercado-Washington, Esq. Peckar & Abramson, 70 Grand Avenue, River Edge, New Jersey 07661 within the time indicated in the Agreement.

4.     *Taxes*.     Ceballos covenants and agrees that he is solely responsible for paying any taxes on the amounts that he receives under paragraph 3 of this Agreement. Ceballos further agrees that, as a condition of this Agreement, he will execute the attached Indemnification Rider incorporated by reference with the full understanding that said Indemnification Rider will be made an integral part of this Agreement and subject to all express conditions contained in this Agreement. A Form 1099 will be issued pursuant to federal law.

5.     *Attorneys' Fees, Costs and Expenses*.     Ceballos covenants and agrees that the consideration set forth in Paragraph 3 of this Agreement includes and encompasses any and all claims with respect to attorneys' fees, costs, and expenses for or by any and all attorneys who

have represented Ceballos or with whom he has consulted or who have done anything in connection with the Complaint and/or the released claims.

6.  *No Admission of Liability*.  The parties understand and agree that this Agreement is a release of disputed claims and does not constitute an admission of liability or violation of any applicable state or federal law or any rule or regulation pertaining to any and all other respective parties.

7.  *Future Employment*.  Ceballos covenants and agrees that he shall not, at any time or in any place, knowingly seek, apply for, or accept employment with Cobble Hill and/or its parents, subsidiaries, affiliates, and divisions.

8.  *Future Legal Actions*.  In the event that any party to this Agreement commences an action or proceeding, at law or in equity, to enforce any right under this provision of this Agreement, or to compel compliance with any provision of this Agreement, the parties covenant and agree that the prevailing party in any such action shall be entitled to recover all reasonable attorneys' fees and costs incurred in connection with such action or proceeding. Such action must be brought in New York state or federal courts.

9.  *Representation of No Other Actions*.  Ceballos represents and warrants that he has not filed any other charges or complaints other than the matter identified in Paragraph 2 (c) of this Agreement against Cobble Hill nor commenced any administrative, judicial, or quasi-judicial actions or proceedings against Cobble Hill.

10. *Mutual Non-Disparagement; Job Reference*. (a) Ceballos agrees to refrain from taking action or making statements, written or oral, which disparage or defame the goodwill or reputation of Cobble Hill and/or its directors, officers, and employees, or which could adversely affect the morale of other employees of Cobble Hill. This includes but it not limited to providing

testimony, whether by deposition or other means, against Cobble Hill in any other legal proceeding unless compelled by law. Ceballos understands that, if he breaches this provision, Ceballos will be required to repay, in full, the Settlement Amount identified in Paragraph 3 above, together with reasonable attorneys' fees expended in connection with enforcing this provision of the Agreement. In response to inquiries from prospective employers authorized in advance by Ceballos, in writing, or as otherwise required by law, Cobble Hill will furnish dates of employment, job title, and final salary, provided that all such inquiries are directed to Human Resources.

(b) Cobble Hill will make no statements, written or oral, regarding Ceballos or Ceballos' employment with Cobble Hill. For purposes of this paragraph, no statement shall be deemed to be a statement of Cobble Hill unless it is a public comment or statement, made after this Agreement is executed. Also for purposes of this paragraph, no statement shall be deemed to be public if it is made to an employee of Cobble Hill with a business need to know. This paragraph shall not limit or otherwise affect Cobble Hill's obligations in responding to a subpoena or other valid legal process.

    11.    *Confidentiality*. The parties collectively, separately, and severally, covenant and agree that they will maintain the confidentiality of, and not to disclose, reveal, publish, disseminate, or discuss, directly or indirectly, to or with any other person or entity the existence or terms of this Agreement (including whether or not any amount was paid, the amount paid, or opinion(s) or information they may have with respect to this Agreement). Notwithstanding, the following disclosures are permitted in the following limited circumstances:

(a) The parties may disclose the terms and amount paid under this Agreement as reasonably necessary to obtain legal, tax, insurance, or accounting advice or services; and

(b) The parties may disclose the terms of this Agreement to the extent required in any legal proceeding involving the enforcement of this Agreement. Ceballos understands that, if he breaches this provision, Ceballos will be required to repay, in full, the Settlement Amount identified in paragraph 3 above, together with reasonable attorneys' fees expended in connection with enforcing this provision of the Agreement.

12. *Non-Solicitation*. Ceballos agrees that he will not solicit any of Cobble Hill's employees, cause them to discontinue their business relationships with Cobble Hill, or otherwise interfere with their business relationships with Cobble Hill.

13. *Non-Disclosure; Promise Not to Disclose*. Ceballos acknowledges that he may possess privileged, confidential, or proprietary information relating to Cobble Hill current and former residents, suppliers, and vendors and the operations or business methods of Cobble Hill. Ceballos agrees that Cobble Hill would be severely damaged if he used or disclosed this information. Ceballos covenants and agrees never to use or disclose any such information before it has become generally known through no fault of his own. Ceballos agrees that this promise will never expire. Ceballos acknowledges that Cobble Hill would be irreparably harmed if he breached this provision.

14. *Return of Company Property*. Ceballos acknowledges that he is obligated to return all of Cobble Hill's property which he may still have in his possession. Accordingly, Ceballos must immediately, and in no event later than upon execution of this Agreement, return to Cobble Hill all written or copies of written materials, lists, and other records of confidential

7

information that may have come into his possession while employed and which he may still have, including but not limited to keys and access cards or any other property or material belonging to Cobble Hill.

15. *Injunctive Relief*.  Ceballos understands and agrees that a breach or threatened breach of this Agreement would cause Cobble Hill to suffer immediate irreparable harm and that monetary damages alone would not provide Cobble Hill with an adequate remedy.  Ceballos therefore understands and agrees that Cobble Hill shall have the right and remedy to institute an action(s) or proceeding(s) in any court of competent jurisdiction for injunctive relief for any such breach or threatened breach of this Agreement, in addition to any other rights and remedies available in this Agreement and in law or equity, and shall be entitled to recover attorneys' fees and costs in connection with such injunctive relief.

16. *Entire Agreement*.  The parties acknowledge that this Agreement, together with the attached Indemnification Rider incorporated by reference, constitutes a full, final, and complete settlement of their differences and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between or among them relating to the subject matter of this Agreement, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between or among them relating to the subject matter of this Agreement other than that as set forth in this Agreement, and that this Agreement contains the sole and entire Agreement between them with respect to its subject matter.  The parties further acknowledge and agree that the language proposed for, deleted from, or otherwise changed in the various drafts of this Agreement but not included in this Agreement shall not be considered in

8

any way in the interpretation and application of this Agreement and shall not in any way affect the rights and obligations of the parties.

17. *Applicable Law and Mutual Submission to New York Jurisdiction*. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under New York law. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the parties.

18. *Severability*. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be part of this Agreement. In addition, Ceballos understands and agrees that his sole remedy for any alleged breach of this Agreement is an action to enforce its terms, and that the Release set forth herein shall forever remain in full force and effect regardless of any claimed breach.

19. *Counterparts Acceptable*. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

20. *Understanding*. This Agreement and Release, consisting of ten (10) pages containing twenty-one (21) paragraphs, and the attached Indemnification Rider consisting of two (2) pages containing seven (7) paragraphs incorporated by reference, constitutes the entire Agreement between Ceballos and Cobble Hill with respect to the subject matter of this Agreement and shall not be amended, modified, or amplified without specific written provision

to that effect signed by all parties. No oral statement of any person shall, in any manner or degree, modify or otherwise affect the terms of this Agreement.

21. *Older Workers Benefit Protection Act*. Ceballos is advised to consult with an attorney before signing this Agreement; Ceballos has a minimum of twenty-one (21) days to consider the Agreement before signing it, and may revoke the Agreement within seven (7) calendar days after signing it. Ceballos further understands that the Agreement will not become effective or enforceable until the seven (7) day revocation period has expired and that the benefits provided in Paragraph 3 of this Agreement will not be paid until such period has expired.

Please review this Agreement carefully. If you have any questions about any of the information contained in this Agreement, please contact the undersigned.

ACCEPTED AND AGREED:

_Jose Ceballos_ (signature)     1/9/2013
Jose Ceballos                   Date

ACCEPTED AND AGREED:

_Arreaga_ (signature)           1/14/13
Margaret Arreaga                Date
Director of Human Resources,
Cobble Hill Health Center

## INDEMNIFICATION RIDER

AGREEMENT made this ____ day of _____, 2013, between Ceballos ("Indemnitor) and Cobble Hill ("Indemnitee").

NOW, THEREFORE, in consideration of the execution of the attached Settlement Agreement and General Release ("Settlement Agreement"), and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Indemnitor, it is agreed as follows:

1. The Indemnitor shall indemnify the Indemnitee against all liability accruing to it for federal and state withholding taxes, penalties, interest and assessments by reason of any determination by any taxing or governmental agency that income taxes, employment taxes, and/or social security taxes should have been withheld from the $11,500.00 payment made to Indemnitor pursuant to paragraph 3 of the Settlement Agreement, provided the Indemnitee prior to the determination cooperated in any investigation and urged the basis for their belief that taxes were not due on any amount paid in liquidated damages.

2. The term "Determination" as used herein shall mean any final written decision by a representative of the Internal Revenue Service ("IRS") or other governmental organization, including a determination by the District Director of Internal Revenue, or his/her agent, whether or not protested by the Indemnitee.

3. Upon receipt by an Indemnitee of the determination, the Indemnitee will give written notice to Indemnitor within thirty (30) days from receipt thereof.

4. Within thirty (30) days after the mailing of the notice of the determination to the Indemnitor, the Indemnitor shall pay directly to the Indemnitee the full amount of the assessed

11

tax, interest, and/or penalty or shall notify the Indemnitee and the appropriate governmental authority of their desire to contest such determination. In such an event, the Indemnitor shall undertake at their sole expense any and all actions which may be appropriate in such contest up to a final court judgment. In the event of a final adverse decision, the Indemnitor shall within fifteen (15) days from the date of such decision pay all taxes, penalties, interest and attorneys fees as assessed and/or determined to be owed to the governmental authorities.

5. Any notice required to be given pursuant to this Indemnification shall be deemed to have been sufficiently given if mailed by certified mail, return receipt requested, to the last known address(es) of the Indemnitor(s).

6. This Indemnification shall be binding upon Indemnitor, their heirs, administrators, and executors, and shall inure to the benefit of and be available to the Indemnitee and its successors and assigns.

7. This Indemnification shall be governed by the Laws of the State of New York.

_/s/ José Ceballos_    Dated: 1/9/2013
**JOSE CEBALLOS**